IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZACKERY J. ASKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-1049-SLP |
| | ) |
| GEICO INSURANCE AGENCY LLC, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

Plaintiff has filed an Application to Proceed *In Forma Pauperis* ("Application"). (Doc. 2). United States District Judge Scott L. Palk referred the motion to the undersigned Magistrate Judge consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3).

The filing fee in civil cases is presently $405.00.[1] Under 28 U.S.C. § 1915(a), a district court has discretion to permit the commencement of an action without prepayment of fees or security therefor. *See Grimes v. TCF Bank*, 769 F. App'x. 659, 660 (10th Cir. 2019) (reviewing a district court order denying an IFP application for an abuse of discretion); *Cabrera v. Horgas*, 1999 WL 241783, at *1 (10th Cir. 1999) ("The decision to grant or deny *in forma pauperis* [IFP] status under § 1915 lies within the sound discretion of the trial court.").

Proceeding *in forma pauperis* ("IFP") "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). To

---

[1] The total filing fee includes a base fee of $350.00 and an administrative fee of $55.00. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees. *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). The court evaluates "an application to proceed [IFP] . . . in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) (citation omitted).

Plaintiff is a prisoner housed at the Midwest Joint Regional Correctional Facility in Fort Leavenworth, Kansas. (Doc. 2, at 3; *id.* at Ex. 1). Because Plaintiff is a prisoner, he must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the . . . 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In addition to being required by statute, the information is necessary because if IFP status is granted, the court must assess a partial filing fee of 20 percent of the greater of his average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. *Id.* § 1915(b)(1).

The statement submitted by Plaintiff is dated July 16, 2025 – nearly two months prior to filing this action. (Doc. 2, at Ex. 1, at 1). Additionally, the undersigned is aware that Plaintiff was housed at a second facility, Springfield MCFP, during the relevant six-month period. *See Askins v. Hartson*, No. CIV-25-759-JD, Doc. 2, at Ex. 1 (W. D. Okla. July 10, 2025) (report dated April 29, 2025, listing Plaintiff's current institution as Springfield MCFP). The undersigned ordered Plaintiff to cure these deficiencies on or before October 7, 2025. (Doc. 4). The undersigned warned Plaintiff that "[f]ailure to

comply with this Order may result in the denial of IFP status and/or the dismissal of this action." (*Id.* at 2). Despite such warning, Plaintiff has not responded to the order.

Because the Court does not have the necessary information required to adjudicate Plaintiff's motion, and Plaintiff has failed to provide such information despite being ordered to do so, the undersigned recommends Plaintiff's Application be denied.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends the court **DENY** Plaintiff's Application (Doc. 2). The undersigned further recommends that if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within 21 days of any order adopting this Report and Recommendation, that this action be dismissed without prejudice to the refiling. LCvR 3.3(e).

**Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by November 12, 2025,** in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge unless and until the matter is re-referred.

ENTERED this 22nd day of October, 2025.

_____
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE