THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZACKERY J. ASKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-1049-SLP |
| | ) |
| GEICO INSURANCE AGENCY, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

The Court is in receipt of Plaintiff's Response [Doc. No. 14] to the Court's Show Cause Order [Doc. No. 13] directing Plaintiff to show cause why the action should not be dismissed without prejudice for failure to effect service of process within ninety (90) days from the filing of the Complaint. Plaintiff states he believed his previous filing [Doc. No. 12] satisfied the service requirement. Plaintiff requests the Court provide the proper forms and "assist" Plaintiff in serving Defendant.

While the Court is cognizant of Plaintiff's pro se status, the Court reminds Plaintiff that pro se litigants are required to comply with Federal Rules of Civil Procedure and the Local Rules of this Court. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[P]ro se parties [must] follow the same rules of procedure that govern other litigants," including the Federal Rules of Civil Procedure and this Court's Local Civil Rules (which are available on the Court's website)). Further, the Court is not allowed to act as an advocate for pro se litigants and may not provide legal advice.

With that in mind, the Court directs the Clerk of Court to mail copies of the Summons form and the Pro Se Litigants Request for Issuance of Summons form to Plaintiff along with this Order. Plaintiff must fill out the forms and return them to the Clerk of Court so that the Clerk may issue summons. Once summons is issued, Plaintiff must serve Defendant with the issued summons, a copy of the Complaint, and any accompanying documents.

As to assistance in serving Defendant, the Court finds that service by the United States Marshals Service is permissible. *See* Fed. R. Civ. P. 4(c)(3) (at Plaintiff's request, service by a United States Marshal, deputy marshal, or some other person specially appointed by the Court may be ordered by the Court in its discretion). While Plaintiff's request to proceed in forma pauperis was denied, courts "have exercised their discretion and ordered service under Rule 4(c)(3) where, for example, the plaintiff was incarcerated and was thus limited in his ability to seek out and hire a private process server." *Freeman v. Raytheon Techs. Corp.*, No. 22-CV-01161-RM-NYW, 2022 WL 1984163, at *2 (D. Colo. June 6, 2022); *see also Mann v. Morrison*, No. 7:22-CV-129 (WLS), 2023 WL 11997058, at *2 (M.D. Ga. July 25, 2023) (permitting USMS "given [plaintiff's] current incarceration, unemployment, and pro se status"); *Bloom v. McPherson*, No. 07-3258-SAC, 2010 WL 750255, at *1 (D. Kan. Mar. 2, 2010) (granting USMS service when plaintiff incarcerated and could not hire private process server); *Vela v. Christian*, No. 3:20-CV-990-C-BH, 2021 WL 101538, at *2 (N.D. Tex. Jan. 12, 2021) (permitting USMS service where plaintiff was incarcerated and his facility restricted his ability to access mail and library services due to COVID-19 pandemic).

However, Plaintiff must pay the cost of service in advance. *See* 28 U.S.C. § 1921(a)(1)(A); *see also, e.g., Sharabati v. Sharabati*, 2015 WL 5937031, at * 3 (N.D. Miss. Oct. 13, 2015) ("[S]ervice of process by the Marshals Service is not free."); *Demayo v. Reedys All Service, Inc.*, 2013 WL 1663872, at * 1 n. 2 (M.D. Fla. Apr. 17, 2013) (noting even where service by the marshal was authorized by the court, "Plaintiff is required to pay the U.S. Marshals Service its fees and costs prior to service ..." (emphasis omitted)); *Holmes v. United States*, No. CIV-06-796R, 2008 WL 111320, at *3 (W.D. Okla. Jan. 8, 2008) ("However, Plaintiff is not proceeding *in forma pauperis,* and accordingly, he must be prepared to proffer payment to the Marshals Service for its attempts at serving [defendant]."). Should Plaintiff persist in his desire to utilize the Marshals Service, he should complete and return the U.S. Marshals Form 285 and any necessary service papers to the Court. Following receipt of such forms and papers, the Court can provide Plaintiff with the amount to be paid to the USMS in order for USMS to issue service.

IT IS THEREFORE ORDERED that the Clerk of Court shall mail any necessary forms for issuing summons and service (including the Summons form, the Pro Se Litigants Request for Issuance of Summons form, and the U.S. Marshals Form 285) to Plaintiff for his completion and return.

IT IS FURTHER ORDERED that Plaintiff must return the completed forms along with any other necessary papers and remit those to the Court no later than February 17, 2026. Failure to return or complete the necessary papers by the deadline may result in dismissal of this action without further notice to Plaintiff.

IT IS FURTHER ORDERED that Plaintiff's deadline to serve Defendant is sua sponte extended to sixty (60) days from the date of this Order.

IT IS SO ORDERED this 28th day of January, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE