THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZACKERY J. ASKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-1049-SLP |
| ) | |
| GEICO INSURANCE AGENCY, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

This matter is before the Court pursuant to its Order requiring Plaintiff to complete and return the forms necessary for issuing summons and service no later than February 17, 2026 [Doc. No. 15]. As noted in that Order, the Court previously issued an Order to Show Cause why the action should not be dismissed for failure to effect timely service of process.[1] *See* Show Cause Order [Doc. No. 13]. Plaintiff responded to the Court's Order to Show Cause and requested assistance in obtaining summons and service. Accordingly, and in light of Plaintiff's pro se status, the Court ordered the Clerk of Court to send the proper forms to Plaintiff and ordered Plaintiff to return the completed forms by February 17, 2026. The Order warned that "failure to return or complete the necessary papers by the deadline may result in dismissal of this action without further notice to Plaintiff." [Doc. No. 15] at 3. The Order also sua sponte extended Plaintiff's deadline to serve Defendant by sixty days. *Id.* at 4.

---

[1] The Order to Show Cause also noted that Plaintiff had submitted a document [Doc. No. 12] that purported to be a Summons but was not issued by the Clerk of Court as required by Federal Rule of Civil Procedure 4(b).

On February 12, 2026, Plaintiff submitted incomplete forms. [Doc. No. 16]. As of the date of this Order, Plaintiff has failed to submit completed forms. Accordingly, this action is subject to dismissal without prejudice for failure to comply with this Court's Order. *See* Fed. R. Civ. P. 41(b); *Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 n. 2 (10th Cir. 2007) (sua sponte dismissal permitted where a plaintiff fails to comply with the rules of civil procedure or the court's orders).

The Court assumes, without deciding, that Plaintiff's claims may be subject to a statute of limitations bar.[2] Where the time to file an action has expired, "a dismissal without prejudice can have the practical effect of a dismissal with prejudice." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). If the dismissal is effectively one with prejudice, courts consider criteria known as the "*Ehrenhaus* factors," which include: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely

---

[2] While his Complaint is titled as a "Complaint in Replevin," the Court construes Plaintiff's allegations to appear to bring claims for breach of contract and breach of the duty of good faith and fair dealing related to an insurance company's denial of claims. Plaintiff states his claims are based on events that occurred in March 2022 through December 2023. So while it appears the statute of limitations for his breach of contract claim claims has not expired, the statute of limitations for his bad faith claim may have. *See J. Homes Inc. v. State Farm Fire and Cas. Co.*, No. CIV-16-956-M, 2016 WL 11593608, at *2 (W.D. Okla. Nov. 9, 2016) (applying Okla. Stat. tit. 12, § 95(A)(1)'s five-year limitation to breach of contract claim); *Johnson v. Metro. Prop. and Cas. Ins. Co.*, 97 F.4th 1223, 1232 (10th Cir. 2024) (noting the applicable limitations period for a bad faith insurance claim is two years). Out of an abundance of caution, the Court considers the factors in *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).

sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Nasious*, 492 F.3d at 1162; *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992).

Given the length of time the action has been pending and the aging claims, the Court finds there is a moderate degree of prejudice to the defendant if required to defend this action. As to the second factor, Plaintiff's failure to respond to the Court's Order impacts the Court's "ability to manage its docket and move forward with the cases before it, and it cannot do this if a party fails to respond to court orders." *Davis v. Miller*, 571 F.3d 1058, 1062 (10th Cir. 2009). As to the third factor, Plaintiff is culpable for his failure to properly complete the forms (or show cause why he could not) which were provided by the Court. While the Court is cognizant of Plaintiff's pro se status, this action has was filed on September 12, 2025, and the Court has afforded Plaintiff opportunities to comply as well as granted permissive extensions of deadlines sua sponte. With respect to the fourth factor, Plaintiff was expressly warned this action may be dismissed without further notice if she failed to show cause. Order [Doc. No. 15]. Finally, the Court finds that no sanction less than dismissal is practical under the circumstances. Considering all these factors together, the Court finds dismissal without prejudice is warranted, even if it is equivalent to dismissal with prejudice.

IT IS THEREFORE ORDERED that this action is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) for Plaintiff's failure to timely complete and return the necessary papers provided by the Court to accomplish Summons and Service.

A separate judgment of dismissal shall be entered contemporaneously with the filing of this Order.

IT IS SO ORDERED this 20th day of February, 2026.

_[signature]_
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE